UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MINDI SWARTZEL,
   Plaintiff

CASE NO.: 3:17-CV-00224-TJC-JBT

v.

THE SHERIFF OF COLUMBIA
COUNTY, FLORIDA, MARK
HUNTER; and JUAN CRUZ;
   Defendants.
_____/

**PLAINTIFF'S AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, Mindi Swartzel, sues the Sheriff of Columbia County, Florida, Mark Hunter, (Sheriff Hunter) and Deputy Sheriff Juan Cruz (Detective Cruz) and says:

**JURISDICTION**

1. This Court has jurisdiction pursuant to Removal Jurisdiction, 28 U.S.C. 1441 et seq. The Plaintiff filed complaint in the Third Judicial Circuit Court in and for Columbia County, Florida. A part of the complaint alleged a 28 U.S.C. 1983 violation. The Defendant, Sheriff Hunter timely removed the action to this Court.

1

**VENUE**

2. Venue is appropriate in this Court because all actions giving rise to the causes of action occurred in Columbia County, Florida. Additionally, the Plaintiff and one or both defendants reside in Columbia County, Florida.

**GENERAL ALLEGATIONS**

3. This is an action for damages greater than $15,000.00.

4. The Defendant, Sheriff Hunter, is the duly elected Sheriff of Columbia County, Florida. He was in such capacity at all times material to this action.

5. The Defendant, Detective Cruz, is, or was, a Deputy Sheriff to Sheriff Hunter. He was in such capacity at all times material to this action.

6. All conditions precedent to this action (including statutory pre-suit notice for the state claim filed in the state court) have been completed.

**CHRONOLOGY**

7. On unknown dates, believed to be in early August 2014, the Columbia County Sheriff's Department was investigating "gang thefts" in Columbia County. The investigation included both adults and juveniles as potential violators. The investigation pertained to offenses that occurred in early August, 2014.

8. In early August 2014, Detective Cruz contacted Ms. Swartzel and asked her to come to his office for an interview. She complied with his request.

9. Ms. Swartzel was a minor on the date of the alleged offenses.

10. Detective Cruz was aware from early in his investigation, that Ms. Swartzel was a minor at the time of the alleged offenses.

11. Section 985.03, Florida Statutes, provides, in part,

> (7) "Child" or "juvenile" or "youth" means any person under the age of 18 or any person who is alleged to have committed a violation of law occurring prior to the time that person reached the age of 18 years."

Therefore, notwithstanding her later attaining her majority, she remained a statutory juvenile at all times relevant to this action.

12. Detective Cruz again requested that Ms. Swartzel come to his office, "to talk;" she again complied. During an interview on August 27, 2014, at some point, he read her her Miranda rights. She voluntarily continued the interview.

13. On September 8, 2014, an unknown, plain clothed, law enforcement officer pulled Ms. Swartzel over while she was driving her truck. The officer told her that her "taillight was not working" and that he "had a BOLO" for her. She was instructed to get out of her truck and was searched.

14. While she was stopped, Detective Cruz and a Detective from the Lake City Police Department arrived. The three officers had a discussion; Detective Cruz took control. Someone called a "squad car" and a uniformed officer came at the scene.

15. At that time, the Detectives had "probable cause" of a violation. As a statutory juvenile, the officers had the discretion to take Ms. Swartzel into custody, process her, and release her.

16. However, contrary to Florida Statutes, Detective Cruz arrested Ms. Swartzel and ordered the uniformed deputy to take her to the jail. She was placed in the back of his car and transported there.

17. Detective Cruz knew about the different procedures for arresting an adult and taking a juvenile into custody.

18. At the jail, in compliance with Detective Cruz's instructions, Ms. Swartzel was booked, ordered to change clothing, informed she would be given a bond amount, and placed in a cell. At the time of those events, she was wrongfuly imprisoned because she should have been released.

19. As the arresting officer, Detective Cruz completed his "Arrest Report" for the case against Ms. Swartzel. He set the "LEO Bond" at $20,000.00.

20. Ms. Swartzel was confined in the jail until she was bonded. Thereafter she was subjected to her bond restrictions.

21. As a result of being booked as an adult, Ms. Swartzel has an inappropriate adult arrest record.

## COUNT ONE - FALSE IMPRISONMENT

### (State Case)

Plaintiff, Mindi Swartzel, sues Mark Hunter as the Sheriff of Columbia County, Florida, as a state agency within the definition thereof as set forth in Section 768.28, Florida Statutes, and says:

22. Plaintiff realleges the General Allegations and Chronology set forth above as if fully set forth herein.
23. The acts of Detective Cruz in booking Ms. Swartzel as an adult were intentional.
24. Said acts resulted in Ms. Swartzel's being completely restrained against her will in the County Jail and partially restrained thereafter by her bond conditions.
25. Ms. Swartzel was aware of her confinements.
26. The acts of Detective Cruz resulted in Ms. Swartzel's being Falsely Imprisoned.
27. As a result of the False Imprisonment, Ms. Swartzel was damaged.
28. Ms. Swartzel's damages include: injury to her reputation; shame, humiliation, mental anguish, and hurt feelings; loss of freedom to

go about her life; loss of the money she paid the bondsman; and the loss of earning capacity.

**WHEREFORE,** Plaintiff, Mindi Swartzel, demands judgment against Mark Hunter as Sheriff of Columbia County for damages, costs, and such other relief as is just and proper.

## COUNT TWO - DEPRIVATION OF RIGHTS
## (42 USC 1983)

Plaintiff, Mindi Swartzel, sues Detective Juan Cruz and says:

29. Plaintiff realleges the General Allegations, and Chronology, set forth above as if fully set forth herein.

30. The Fourth Amendment of the U.S. Constitution provides, "[t]he right of the people to be secure in their persons, ..., against unreasonable searches and seizures, shall not be violated, ..."

31. Immediately before Detective Cruz ordered Ms. Swartzel's arrest, his discretion was limited to either not taking Ms. Swartzel into custody or to taking her into custody, processing her as a juvenile, and releasing her.

32. Detective Cruz did not exercise any of his available options; instead, contrary to Florida Law, he arrested Ms. Swartzel as an adult.

33. The arrest, booking, and incarceration of Ms. Swartzel in the Columbia County Jail, when she should have been released, constituted a seizure.

34. The seizure of Ms. Swartzel was unreasonable in that the Florida Legislature expressly prohibited the seizure.

35. The seizure of Ms. Swartzel was done "under color of [a] statute, ordinance, regulation, custom, or usage, of" Florida law and constituted a deprivation of her rights.

36. As a result of the unreasonable seizure and deprivation, Ms. Swartzel was falsely imprisoned contrary to her rights under the Fourth Amendment of the United States Constitution.

37. As a result of the unreasonable seizure and deprivation, (false imprisonment), Ms. Swartzel was damaged.  Her damages include: injury to her reputation; shame, humiliation, mental anguish, and hurt feelings; loss of freedom to go about her life; loss of the money she paid the bondsman; the loss of earnings; and the loss of earning capacity.

38. Ms. Swartzel has retained the undersigned counsel and has agreed to pay them a reasonable fee.

**WHEREFORE,** Plaintiff, Mindi Swartzel, demands judgment against Detective Juan Cruz, for damages, costs, attorney fees, and such other relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Ms. Mindi Swartzel, renews her demand for a jury trial of all issues triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to Matthew J. Carson, (MJC@jollylaw.com) counsel for Sheriff Hunter and Detective Cruz on this 16th day of May, 2017.

**KOBERLEIN LAW OFFICES, PLLC.**

BY: _____

**Frederick L. Koberlein, Sr.**
**Trial Counsel**
Florida Bar No.: 274747
855 SW Baya Drive
Lake City, FL 32025
Tel. 386.269.9802
Fax 888.908.8699
Primary E-Mail: KLO@FlaLegalHelp.com
Secondary E-Mail: CNJ@FlaLegalHelp.com
Attorney for Plaintiff