UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MINDI SWARTZEL,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CASE NO. 3:17-cv-224-J-32JBT

THE SHERIFF OF COLUMBIA
COUNTY, FLORIDA, MARK
HUNTER; and JUAN CRUZ,

    Defendants.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Sheriff Mark Hunter's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim ("Hunter Motion") (Doc. 17), Defendant Deputy Sheriff Juan Cruz's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim ("Cruz Motion") (Doc. 18), and Plaintiff's Responses thereto (Docs. 25 & 26). The Motions were referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 23.) For the reasons set forth herein, the undersigned respectfully

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**RECOMMENDS** that the Cruz Motion be **GRANTED**, Count II of the Amended Complaint (Doc. 16) be **DISMISSED with prejudice**, Count I of the Amended Complaint be **DISMISSED without prejudice** to refiling in state court, and the Hunter Motion be **DENIED as moot**.

## I. Background

The Amended Complaint alleges in substance that following two interviews with Defendant Cruz regarding gang-related thefts that occurred when Plaintiff was a minor, Plaintiff was arrested based on "'probable cause' of a violation." (*Id.* at 4.) Plaintiff was "booked, ordered to change clothing, informed she would be given a bond amount, . . . placed in a cell," and "confined in the jail until she was bonded." (*Id.*) She was subjected to her bond restrictions thereafter, and she now "has an inappropriate adult arrest record." (*Id.* at 4–5.)

Plaintiff asserts a state law claim for false imprisonment against Defendant Hunter, and a deprivation of rights claim under 42 U.S.C. § 1983 against Defendant Cruz, based on their alleged failure to treat her as a juvenile following her arrest. (*Id.* at 5–7.) Specifically, Plaintiff alleges that although she subsequently obtained the age of majority, she should have been processed and released as a juvenile pursuant to Florida law because she was a minor at the time the alleged offenses occurred. (*Id.* at 3–7.) Defendants move to dismiss Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs. 17 & 18.)

## II. Standard

Under Rule 12(b)(6), the Court must determine whether the Amended Complaint sets forth sufficient factual allegations to establish a claim upon which relief can be granted. In evaluating whether Plaintiff has stated a claim, the Court must determine whether the Amended Complaint satisfies Rule 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. Analysis

Plaintiff argues that, after being lawfully arrested based on probable cause, she should have been processed and released as a juvenile because the alleged offenses occurred when she was a minor. Section 985.03(7), Florida Statutes, states: "'Child' or 'juvenile' or 'youth' means any person under the age of 18 or any person who is alleged to have committed a violation of law occurring prior to the time that person reached the age of 18 years." Section 985.115 states in part: "A child taken into custody shall be released from custody as soon as is reasonably possible," and that "a law enforcement officer may deliver the child, for temporary custody not to exceed 6 hours, to a secure booking area of a jail . . . ." Fla. Stat. §§ 985.115(1) & (3). Both of Plaintiff's claims are based on Defendants' alleged

violation of Chapter 985, Florida Statutes.

### A. Section 1983 Claim

"Section 1983 . . . provides a remedy for deprivations of *federal* statutory and constitutional rights." *Almand v. DeKalb Cty., Ga.*, 103 F.3d 1510, 1512 (11th Cir. 1997) (emphasis added). Thus, "[a] successful section 1983 action requires that the plaintiff show she was deprived of a federal right by a person acting under color of state law." *Id.* at 1513. "The Fourth Amendment protects '[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures.'" *Manuel v. City of Joliet*, 137 S.Ct. 911, 917 (2017). Specifically, it "prohibits government officials from detaining a person in the absence of probable cause," and it "governs a claim for unlawful pretrial detention . . . ." *Id.* at 918, 920.

Plaintiff argues that she "has alleged a specific violation of her Fourth Amendment protection against unreasonable seizure in the form of unlawful pre-trial detention in the County Jail." (Doc. 25 at 4.) Specifically, Plaintiff contends that she was "illegally detained" because she "should have been released within six hours [as a juvenile]; not jailed." (*Id.*) Additionally, Plaintiff argues that "[t]he fact that the Defendant had probable cause to take her into custody does not cancel her right to be free of illegal pretrial detention in the jail." (*Id.* at 3.)

As noted above, Plaintiff's allegations that her seizure was unreasonable are based solely on Defendant Cruz's alleged failure to treat her as a juvenile following her arrest in violation of Florida law. Specifically, the Amended Complaint alleges

4

that "[t]he arrest, booking, and incarceration of Ms. Swartzel in the Columbia County Jail, when she should have been released [as a juvenile], constituted a seizure," and that "[t]he seizure of Ms. Swartzel was unreasonable in that the Florida Legislature expressly prohibited the seizure." (Doc. 16 at 7.) Plaintiff does not allege that her detention was unreasonable in any other respect. Moreover, Plaintiff concedes that at the time she was arrested, "the Detectives had 'probable cause' of a violation" and that "she was lawfully taken into custody." (*Id.* at 4; Doc. 25 at 4.) Plaintiff does not, and cannot plausibly, allege that her post-arrest detention was not based on probable cause. Rather, Plaintiff alleges only that her detention was unreasonable because it violated Florida law.

Both the U.S. Supreme Court and the Eleventh Circuit have rejected similar arguments in holding that an arrest based on probable cause, which otherwise violates state law, does not give rise to a Fourth Amendment violation. *See Virginia v. Moore*, 553 U.S. 164, 166 (2008) (rejecting argument that "a police officer violates the Fourth Amendment by making an arrest based on probable cause but prohibited by state law"); *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) (rejecting "the proposition that an arrest supported by probable cause in circumstances where arrest is not permitted under state law violates the Fourth Amendment"). Although neither side cites a case directly on point, it appears that the same would be true for post-arrest detentions. *See Manuel*, 137 S.Ct. at 918 (stating that the Fourth Amendment "prohibits government officials from detaining a person in the absence

5

of probable cause"); *Moore*, 553 U.S. at 173, 178 (stating that "when States go above the Fourth Amendment minimum, the Constitution's protections concerning search and seizure remain the same," and that "it is not the province of the Fourth Amendment to enforce state law"). Plaintiff cites no authority to the contrary.

Rather, in arguing that arrest is different from "post arrest false imprisonment" for Fourth Amendment purposes (Doc. 25 at 3), Plaintiff attempts to distinguish *Knight* and other similar cases involving arrests. Plaintiff argues that Defendant Cruz "was more in the position of jailer with the luxury of time," and that "[t]here is no privilege in a jailer to keep a prisoner in jail beyond the period of his lawful sentence." (Doc. 25 at 4) (quoting *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1968)). However, *Whirl* is clearly distinguishable because in that case, Whirl was kept in jail for a lengthy period after all charges against him were dismissed.[2] *Id.* at 785. Thus, there was no probable cause to detain Whirl once the charges were dropped. That is not the case here. Moreover, *Manuel* does not help Plaintiff because even though the Supreme Court made clear that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of the legal process," it recognized only that "[i]f the complaint is that a form of legal process resulted in pretrial

---

[2] Notably, the primary Defendant in *Whirl* was the Sheriff of the county in which the plaintiff was jailed. In this case, Plaintiff brings her section 1983 claim against only Defendant Cruz, the arresting Deputy Sheriff, and not against Defendant Sheriff Hunter. It is unclear how Defendant Cruz is responsible for the detention of Plaintiff, as opposed to the arrest, but for purposes of this Report and Recommendation, the undersigned accepts that he may be. Paradoxically, he is not, however, a Defendant in the false imprisonment count.

6

detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment." 137 S.Ct. at 919–20. The complaint in this case is not based on a lack of probable cause.

Additionally, Defendant Cruz's alleged violation of Plaintiff's right to be treated as a juvenile under Florida law does not present an independent basis for a section 1983 claim. "[T]here is no specific constitutional right to juvenile treatment in a state's criminal justice system." *Woodard v. Wainwright*, 556 F.2d 781, 787 n.19 (5th Cir. 1977).[3] "[T]reatment as a juvenile is not an inherent right but one granted by the state legislature . . . ." *Id.* at 785. *See also Joseph v. Crosby*, Case No. 8:03-cv-1499-T-24TGW, 2005 WL 1528620, at *11 (M.D. Fla. June 24, 2005) ("[T]here is no absolute right conferred by common law, constitution, or otherwise, requiring children to be treated in a special system for juvenile offenders."). "While the violation of state law may (or may not) give rise to a state tort claim, it is not enough by itself to support a claim under section 1983." *Knight*, 300 F.3d at 1276. Thus, even assuming the allegations in the Amended Complaint establish a Florida law violation, the undersigned recommends that Plaintiff has not, and cannot plausibly, allege a violation of a federal right as required to state a claim under section 1983.

The undersigned further recommends that amendment of Plaintiff's section 1983 claim would be futile. "Futility justifies the denial of leave to amend where the

---

[3] This decision is binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit).

complaint, as amended, would still be subject to dismissal." *Patel v. Ga. Dep't BHDD*, 485 F. App'x 982 (11th Cir. 2012)[4] (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). For the reasons set forth above, Plaintiff cannot plausibly allege a violation of a federal right as required to state a claim under section 1983 based on her post-arrest detention. Therefore, the undersigned recommends that this claim be dismissed with prejudice.

### B. State Law Claim

If Plaintiff's section 1983 claim is dismissed with prejudice, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim for false imprisonment. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial."). Thus, the undersigned recommends that Plaintiff's state law claim be dismissed without prejudice to refiling in state court, and that the Hunter Motion seeking dismissal of that claim be denied as moot.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Cruz Motion (**Doc. 18**) be **GRANTED**.

---

[4] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

2. Count II of the Amended Complaint be **DISMISSED with prejudice**.

3. Count I of the Amended Complaint be **DISMISSED without prejudice** to refiling in state court.

4. The Hunter Motion (**Doc. 17**) be **DENIED as moot**.

5. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on October 17, 2017.

/s/ Joel B. Toomey
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record